Paul v. Hoeft.

---

MIFFLIN PAUL

*v.*

MARIA HOEFT and others.

Where a vendee entered into possession under an agreement to
convey, and gave a purchase money mortgage in pursuance thereof,
such mortgage, although not delivered until a house built by the
vendee on the premises was nearly finished, is entitled to priority over
a mechanic's lien thereon.

Bill to foreclose.   On final hearing on pleadings and
proofs.

*Mr. John C. Besson*, for complainant.

*Mr. C. H. Trafford,* for Maria Hoeft.

THE CHANCELLOR.

The complainant, on the 2d of October, 1872, conveyed the mortgaged premises to William H. Woolley, for the consideration of $400. Woolley gave to him, for part of the consideration, one of the mortgages (for $390) on which the bill is filed. Woolley, failing to pay the balance of the purchase money, and being desirous that the complainant should take back the property, the latter, who had not given possession to Woolley, but had been ready to do so, negotiated a sale of the premises to Charles P. Emery, at the price of $550, of which $390 were to be secured by the Woolley mortgage, and Emery was to give to the complainant another mortgage for $100 and pay the balance in cash. The complainant accordingly conveyed the property to Emery, who gave to him the mortgage for $100 and interest mentioned in the bill. Emery went into possession, under the agreement to convey, before the deed was given to him, and had commenced to build a house upon the property when he received the deed. The house was nearly finished when he delivered the mortgage.

The question is between the complainant and Maria Hoeft, who is the grantee of the premises under a deed from Robert Besson, who purchased them at a sale under execution on a judgment upon a mechanic's lien claim. No evidence of the lien claim has been offered, but the sheriff's deed only. From that deed it appears that the judgment was recovered March 29th, 1875, against Emery, as builder and owner. The deed to Emery is dated June 19th, 1874, and the mortgage from him on the next day. When the work was done or the materials provided for which the claim was filed, or what they were or for what building, does not appear. It does appear that the building on the property was completed, or nearly so, before the deed to Emery was delivered. Woolley never gave Emery any permission to enter or build on the property. The case is ruled by the decision in *Macintosh* v. *Thurston,* 10 *C. E. Gr.* 242.

There will be a decree for complainant, establishing the priority of both of the mortgages as against the deed to Maria Hoeft.